IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK,  JUDGE

Civil Case No.  11-cv-002946-LTB

THOMAS W. PRESTON,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

        Defendant.

_____

ORDER
_____

This matter is before me on Plaintiff's Motion for Attorney Fees Under EAJA (The Equal Access to Justice Act, 28 U.S.C. § 2412) **[Doc #19]** filed by Plaintiff, Thomas W. Preston, following my order reversing and remanding the Social Security Administration ("SSA") Commissioner's final decision denying his applications for disability benefits.  After reviewing the parties' briefing on the matter, I GRANT Plaintiff's motion for EAJA fees.

## I.  BACKGROUND

Plaintiff sought judicial review of the SSA Commissioner's final decision denying his application for disability insurance benefits, filed pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and his application for supplemental security income, filed pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383c.  After consideration of the parties' arguments and the administrative record, I entered an order on February 20, 2013, in which I reversed and remanded the SSA Commissioner's final decision. [Doc #17]  In that order I concluded that the Administrative Law Judge's ("ALJ") assessment/legal analysis of the

medical opinion evidence was insufficient and, as such, I found that the ALJ erred in assessing Plaintiff's residual functional capacity ("RFC") related to his mental impairment liimitations.  As a result, I reversed the Commissioner's final decision and remanded the matter for additional proceedings.  Judgment subsequently entered on February 21, 2013. [Doc #18]

## II. LAW

Plaintiff now seeks attorney fees pursuant to the EAJA.  The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the court finds that the position of the United States was substantially justified or special circumstances make an award unjust.  *See* 28 U.S.C. § 2412(d)(1)(A).  The substantial justification test is one of reasonableness in law and fact; a position is substantially justified if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).  A "position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct." *Id.* at 566 FN2.

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. §2412(d)(1)(B); *see also Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).  The Commissioner bears the burden of demonstrating that her position was substantially justified.  *Id.*  I have discretion in determining whether this standard has been met.  *Pierce v. Underwood*, *supra*, 487 U.S. at 561-62; *see also*

*Stephenson v. Shalala*, 846 F.Supp. 49, 50 (D. Kan. 1994).  In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items."  *Comm'r, Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990).

### III.  UNDERLYING RULINGS

The ALJ determined that Plaintiff was not disabled, which became the SSA Commissioner's final decision, on the basis that he had the RFC to perform other work existing in significant numbers in the national economy at Step Five of the sequential evaluation process for assessing disability claims.  *See* 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987).  In so doing, the ALJ assessed Plaintiff's RFC as the ability to perform medium physical work, except that he was limited by his mental impairments "to have less than occasional dealings with the general public and minimal supervision."

On review of this decision, Plaintiff challenged the ALJ's analysis of the medical opinion evidence regarding the effect his mental impairments have on his ability to work on several grounds.  I ruled that the ALJ's order failed to demonstrate reliance on the correct legal standards when evaluating the opinions of Dr. Neufeld (as an examining clinical psychologist) and Dr. Wanstrath (as a non-examining expert) in the processing of assessing Plaintiff's ability to interact in the workplace.  Specifically, I agreed with Plaintiff that the ALJ's finding that Dr. Wanstrath's opinions were "consistent with Dr. Neufeld's" – when he adopted Dr. Wanstrath's opinion as to Plaintiff's ability to interact with others  – was not supported by the evidence of record.  In so doing, I found that the record revealed that Dr. Wanstrath's opinion was that

Plaintiff only had moderate limitations in the ability to get along with co-workers and to interact with the general public with no more than minimal contact with others.  Such opinion was not consistent, despite the ALJ's ruling to the contrary, with Dr. Neufeld's opinion that Plaintiff's social interaction with orders and his ability to work at many jobs would be "markedly impaired" by his schizoid personality features.

The Commissioner had argued that I should defer to the ALJ's finding that Dr. Neufeld's and Dr. Wanstrath's opinions were consistent, on the rationale that although the ALJ's order expressly gave "substantial weight" to Dr. Neufeld's opinions, it obviously did not adopt his opinion related to Plaintiff's social functioning, but instead adopted the opinion of Dr. Wanstrath.  In response, I concluded that the ALJ could have rejected the specific findings/opinions of Dr. Neufeld, but his order did not indicate as such.  Rather, the order stated that the ALJ gave Dr. Neufeld's opinion "substantial weight" but then, apparently, he relied upon the opinions of Dr. Wanstrath, related to Plaintiff's social functioning, on the basis that his opinion was "consistent with Dr. Neufeld's analysis."  [AR 20]  Thus, I concluded that the ALJ's order lacked sufficient legal analysis, and I reversed and remanded for additional proceedings.

## IV. ANALYSIS

The parties agree that the question at issue here is whether the SSA Commissioner's litigation position on appeal was substantially justified, to a degree that could satisfy a reasonable person, barring an award of EAJA attorney fees to Plaintiff.  28 U.S.C. § 2412(d)(1)(A).

In support of her contention that her litigation position was substantially justified, the Commissioner argues that it was reasonable to defend the ALJ's evaluation and adoption of the

opinions provided by Dr. Wanstrath and Dr. Neufeld. She argues that although the ALJ gave "substantial" weight to Dr. Neufeld's opinion, and he accepted most of Dr. Neufeld's opinions on Plaintiff's functioning (such as that Plaintiff did not experience any significant cognitive limitations and could understand instructions) the ALJ did not adopt all of Dr. Neufeld's opinions because he adopted Dr. Wanstrath's opinion that Plaintiff's social limitations were no more than moderate. The Commissioner asserted that I should defer to the ALJ's determination that the opinions of the two doctors were consistent. The Commissioner now contends that there was at least a "genuine dispute" as to whether the ALJ's decision should have been affirmed – in that the Commissioner relied on at least an "arguable definable administrative record" – and, as such, its position was substantially justified.

I disagree. While the ALJ could have chosen to discount Dr. Neufeld's opinion regarding Plaintiff's ability to socially interact with others, the order did not specify as such. Rather, it indicated that it gave substantial weight to Dr. Neufeld's opinions, but then adopted the opinion of Dr. Wanstrath (a non-examining expert) related to Plaintiff's limitations in socially interaction without further explanation. As to the specific limitation, it is clear that the opinions are not consistent, and the ALJ's conclusion that they are is not supported by the record. I found that the analysis was legally insufficient, and the Commissioner did not provide me with any persuasive argument to the contrary either on appeal or in the briefing here. Thus, I conclude that the Commissioner has not met her burden to establish that her litigation position in this matter was sufficiently reasonable to avoid an EAJA attorney fees award in favor of Plaintiff. *See generally Pierce v. Underwood*, *supra*, 487 U.S. at 566.

Plaintiff requests attorney fees in the amount of $9,660.00 representing 55.2 hours of

work, at $175.00 per hour.  The Commissioner presents no argument that the hourly rate requested by Plaintiff's counsel is excessive or that the total amount of time expended or the total amount of fees requested are unreasonable.  Moreover, my own experience suggests that the hours expended are reasonable and the fees requested are comparable to awards made under the EAJA in similar cases.  *See generally Guana v. Astrue,* 2013 WL 31602 (D.Colo., Jan. 28, 2013)(unpublished).

I therefore find and conclude that Plaintiff is entitled to the entirety of his requested fees. However, I agree with the Commissioner that the check must be made out to Plaintiff, not Plaintiff's counsel.  *See* 28 U.S.C. § 2412(d)(1)(A); *Astrue v. Ratliff*, 560 U.S. 586, 589, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010); *Brown v. Astrue*, 271 F. App'x 741, 743 (10th Cir. 2008) (unpublished)(*discussing Manning v. Astrue*, 510 F.3d 1246 (10th Cir. 2007)); *see also* 31 U.S.C. § 3716(c)(3)(B);  *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986).

ACCORDINGLY, it is ORDERED that Plaintiff's Motion for Award of Attorney Fees Under EAJA  **[Doc. #19]** is GRANTED, and Plaintiff is AWARDED $ 9,660.00 in attorney fees pursuant to 28 U.S.C. § 2412(d)(1)(A).  I FURTHER ORDER that the check for attorney fees shall be made out to Plaintiff and sent to Plaintiff's counsel's office.

Dated:  June   24  , 2014 in Denver, Colorado.

                                                                    BY THE COURT:

                                                                      s/Lewis T. Babcock
                                                                    LEWIS T. BABCOCK,  JUDGE